## BRYAN *vs.* OSBORNE.

1. Under the act of 1876, authorizing special verdicts in equity, such issues only need be submitted to the jury as, together with the facts admitted in the pleadings, will bring out the truth of the case fully enough to sustain the decree.

2. Where, in response to such issues, the jury find that the defendant knew all about the title he bought, and had been in possession, together with his vendor, over twenty years, and was still in possession thereof, and that the vendor lived in the state, the equitable plea having set up that the note sued on was given for land, and he feared the title, and that the vendor was beyond seas:

*Held,* that the defendant ought to pay for the land, and that the decree that he pay the note for the purchase money thereof is right.

Equity.  Practice in the Superior Court.  Decree.  Be-

fore Judge CRAWFORD. Muscogee Superior Court. May Term, 1878.

Osborn sued Bryan on a note for the purchase money of land. Defendant filed an equitable plea as follows:

He purchased said place mentioned in said note from Alex C. Morrison, the brother of Mrs. Osborne, as her agent; he paid in cash $100, and gave his notes for the balance, $800, in three equal installments; on the 24th January, 1872, the plaintiff, who was the son and agent of Mrs. Osborne, took up and destroyed the notes aforesaid, and the defendant gave three notes in which was expressed the consideration mentioned in the notes sued on, each for the sum of $266.67, and becoming due February 1, 1872, 1st January, 1873, and January 1, 1874. At the time of the purchase, the plaintiff and Morrison both represented that Mrs. Osborne had a perfect title to the land, and upon the payment of the money she would and could make defendant a title thereto. Defendant has paid all the notes except the one sued on, and has paid $50.00 on that. Neither Mrs. Osborne nor her agent, had at the time, nor do they have now, any title to said land, nor can they make, or cause to be made, a good and legal title to said land. The title to the same is in one Samuel F. Bussey, trustee for Diodema Bussey and her children. Said plaintiff and said Mrs. Osborne are non-residents of this state, and are insolvent. At the time of making said trade, he took from said Osborne what he supposed to be a bond for title, obligating him, upon the payment of the purchase money, to make, or cause to be made, to defendant, good and sufficient title in fee simple to said land; but, by inadvertence or mistake, the bond did not obligate the plaintiff, or any one else, to make title to said land, but merely recited that upon the payment of the purchase-money the bond was to be void. The plea prayed for a rescision of the contract, and that plaintiff be decreed to pay to defendant the money paid by him; offered to surrender the possession and account for rents, etc.

The court submitted the following issues to the jury:

1. Was there a mistake in the bond made by Osborne to Bryan, as alleged? 2. Has Bryan been dispossessed under Osborne's sale? 3. Did Bryan buy the land with a knowledge of all the facts as to the claim of the Busseys? 4. Was or is W. A. Osborne a resident of this state? How long has Osborne, and Bryan under him, held this land?

Defendant requested the submission of an issue as to the solvency of plaintiff or Mrs. Osborne, which was refused.

Upon the finding of the issues submitted in favor of plaintiff, (except that there was a mistake in the bond), the court decreed that plaintiff should make a warranty deed to defendant to the land, and upon filing it with the clerk, should have judgment against defendant for the full amount of the claim.

The other facts will be found in the opinion.

THORNTON & GRIMES; BLANDFORD & GARRARD, for plaintiff in error, cited acts 1876, p. 105 , 51 *Ga.*, 398 ; 59 *Ibid*, 486; 2 *Kelly*, 442; Code, §§3082, 3562.

L. T. DOWNING, for defendant, cited 43 *Ga.*, 578.

JACKSON, Justice.

Osborne sued Bryan on a note, the consideration of which was land sold to Bryan. This was the last note due, the others having been paid. Bryan filed an equitable plea, which is set out in the record; the court submitted certain issues to be passed upon by the jury, and entered a decree thereon that Bryan pay the note. Whereupon Bryan excepted on two grounds : first, because the court did not submit issues enough to the jury to elicit sufficient facts whereon to predicate a decree ; and, secondly, because the facts found by the jury did not authorize the decree.

1. The court need only submit to the jury such pertinent issues as will draw out the material facts, under the act of 1876, page 105, and upon which evidence has been submit-

ted to the jury. 59 *Ga.*, 485. The issues submitted here bring out the fact that Bryan has not been evicted, but has been in possession of the land, he and Osborne, since 1855, continuously, and that Osborne is in the state of Georgia, the equitable plea being to the effect that the title would or might fail, and that Osborne was beyond seas. The jury found the further fact that Bryan knew all about the title when he bought. Indeed, all the issues were found against Bryan, and are ample to elicit the truth of the case.

2. Was the decree right? We cannot see how it could have been otherwise. Bryan's possessory title—over twenty years—seems to assure him the land; he is still in possession and likely to remain so, and this record shows that he can hold it against the dangers he apprehends. We think that he ought to pay for it.

Judgment affirmed.