## BURWELL *v.* HILL.

1. The petition as a whole set forth a cause of action, and the court did not err in refusing to sustain the general demurrer thereto.
2. The first six paragraphs of the petition deal entirely with a transaction separate and distinct from that upon which the plaintiff's rights in the

present case depend; and they should have been stricken upon demurrer objecting to them upon this ground.

3. The other special demurrers, in so far as they were meritorious, were sufficiently met by amendment.

No. 1146. SEPTEMBER 4, 1919.

Equitable petition.      Before Judge Park.      Hancock superior court.    July 29, 1918.

C. A. Hill brought his petition against W. H. Burwell, in which he alleged as follows: He and Burwell entered into an agreement to purchase a certain tract of land. Late in the fall of 1906 petitioner, having secured a verbal option on a tract of land under the terms of which he could purchase the same for $4,500, suggested to Burwell that he and Burwell should purchase this place for an investment; and he did then agree with Burwell that they would together buy the land. Petitioner, having been compelled to use the money with which he expected to pay for his half of the purchase price, agreed that Burwell should borrow the money with which to make the purchase, and that the loan should be repaid by the two jointly, and that when so paid the unencumbered title to the property should be placed in complainant and Burwell as tenants in common. Burwell consented to the proposition, but stated that it would suit him to make an arrangement slightly different from that proposed; that "he, Burwell, would, if Hill would sign certain papers, arrange to borrow the whole of the money needed. To this Hill agreed, understanding that Burwell was to borrow the money for both, . . and that when repaid the unencumbered title to the tract of land, consisting of 594 acres, should be placed in Burwell and complainant as tenants in common." In compliance with this agreement between the complainant and defendant, the former signed a certain note, stipulating for the payment to the defendant of fourteen bales of cotton, which was termed "rent," for each of the years 1907 and 1908, the papers being drawn in this way so that the defendant could use them for the purpose of raising money with which to pay for the land. As a matter of fact, however, the land was not worth fourteen bales of cotton annually for rent. In order to effect the loan it was more convenient for Burwell to have the title taken in his own name. The defendant undertook to have the paper prepared and executed as it should have been, so as to protect the interests of both. The note was made for fourteen bales of cotton, so as to aid Burwell in borrowing money on security of the

place. Burwell acted throughout the entire transaction as the attorney at law for both parties. The money was borrowed by Burwell, and a mortgage given on the land. In 1907 eleven bales of cotton were turned over by Hill to Burwell, and it appears that in 1908 and the subsequent years up to and including the year 1916 a stated number of bales of cotton were turned over to Burwell in each year, making in all 91 bales. Complainant can not state the exact amount received for the cotton, as it was practically all sold by Burwell, and under the agreement was to be applied by him in discharge of the money which was borrowed to pay for the land. Complainant also paid Burwell a certain sum in cash, which, together with the money realized from the cotton turned over to Burwell, was more than enough to pay for the place. . And since the year 1907 complainant has been on the land, improving and managing it for the joint account of himself and Burwell, and during all these years has received no compensation for his services, he having turned over to Burwell each year his, complainant's, share of the profits of the place, to be applied to the extinguishment of the debt. Plaintiff prays for an accounting, and a decree for specific performance.

The defendant filed demurrers, general and special, to the petition, which were overruled, and he excepted.

*R. W. Moore, T. F. Fleming,* and *R. L. Merritt,* for plaintiff in error.

*Thomas F. Green* and *Wiley & Lewis,* contra.

BECK, P. J. (After stating the foregoing facts.)

1. We are of the opinion that the court properly overruled the general demurrer to the petition. If, as alleged in this petition, the plaintiff had an option on the place to purchase at a given price, the agreement with Burwell whereby they should purchase the same and become joint tenants was not inconsistent with any duty that they owed to the owner of the place. And if the defendant agreed to borrow money and paid the purchase-price, giving a mortgage to secure the money borrowed, and agreed also that the plaintiff should have a half interest in the place, and the plaintiff remained upon the place, managing and improving the same by himself and by tenants, and turned over the annual proceeds to the defendant, as is alleged, then when the sum of the proceeds thus turned over to Burwell equaled the amount of the purchase-money

and interest, the plaintiff was entitled to specific performance, and to have a conveyance of a half interest in the land, or to have a court decree the same in him. This case differs on its facts from the case of *Hall* v. *Edwards,* 140 *Ga.* 765 (79 S. E. 852). In that case it was held: "An oral agreement between A and B to purchase a tract of land, whereby A is to pay for the land from the proceeds of a loan to be secured by him upon the joint security of a tract of land owned by him and the purchased tract, and take title to the purchased tract in his own name, and convey to B a half interest when he is reimbursed for the purchase-money from the rents, issues, and profits of the purchased tract, is deficient in mutuality and a nude pact." The defendant relies upon the case just cited, and cases substantially like it in principle, to support his contention that the contract stated was a nudum pactum and lacking in mutuality. The distinction between the two cases will be seen at a glance, upon comparing the facts. In the case cited the party borrowing the money and paying for the tract of land was to take title to the tract thus purchased in his own name, and convey to the other party a half interest when he should be reimbursed for the purchase-money from the rents, issues, and profits of the purchased tract. The plaintiff in the instant case, under the allegations of the petition, took charge of, rented, managed, and improved the place. He collected the rents and turned them over to the party who furnished the purchase-money. He had no other compensation for the services which he rendered than the interest which he had in the place; and while Burwell borrowed the money, it was "distinctly agreed that the loan should be repaid by them jointly." The stipulation in the agreement that there should be a joint liability for the loan furnished the element of mutuality; for if Burwell effected the loan of the money for which the purchase-price was paid under this kind of an agreement with the complainant, and had been forced, out of his own funds, to pay the obligation incurred by borrowing the money, he would have had his remedy against the complainant to compel him to repay his proportion of the sum borrowed.

2. The first six paragraphs of the petition relate to a transaction which had been completed, and which was entirely separate and distinct from that out of which the alleged rights of the plaintiff set up in the present suit arose; and the history of that former transac-

tion is not essential to the petition in the present case as matter of inducement. The demurrer, therefore, to these six paragraphs should have been sustained and those paragraphs eliminated; and the court erred in overruling the demurrer to that part of the petition. If by elimination of these six paragraphs certain references to them in other parts of the petition should be rendered obscure, the obscurity thus produced may be cured by proper amendments.

3. The other special demurrers, in so far as they were meritorious, were sufficiently met by amendment.

In the brief of counsel for the plaintiff in error it is pointed out that the petitioner, in order to evade the effect of a certain rent note which he gave for the rent of the land after it was purchased by the defendant, alleges that the note was given by him for more rent than the land was actually worth, and that this was done for the purpose of falsely inflating its value to enable the defendant to borrow the purchase-money with which to pay for the same; and plaintiff in error contends that the plaintiff in the court below "could not take advantage of his own fraud, that the rent note speaks for itself, and is an estoppel of the plaintiff to set up that it was given in fraud for the purpose of inflating the value of the land." There was no special demurrer to the paragraph of the petition just referred to, upon the ground taken in the brief; and the court below was not called upon to decide, and did not decide, whether it should be stricken from the petition or not upon that ground.

While we have upheld the overruling of the general demurrer, the judgment is reversed because of the failure of the court to sustain the demurrer to the first six paragraphs of the petition, upon the grounds pointed out in the second division of this opinion.

*Judgment reversed. All the Justices concur.*