### BERRY *et al. v.* BRUNSON.

1. An implied trust results from the fact that one person's money has been invested in land and the conveyance taken in the name of another. Such implied trust may arise from the payment of a portion of the purchase money.

(*a*) To set up and establish such implied trust it is only necessary to allege and prove that one person furnished all or a portion of the purchase-money of the land, and that the deed was taken in the name of the person to whom the money was so furnished.

(*b*) The answer of the defendant set up a valid equitable defense and a good cause of action against the plaintiffs; and the trial judge did not err in overruling the motion of the plaintiffs to strike so much of the answer as undertook to set up an implied trust in her favor in the land in dispute.

2. A party claiming under the grantor in a security deed can not show that the grantee therein was liable to the grantor for damages arising from a conversion of the personal property of the grantor, and have the same treated as payment or extinguishment of the debt secured by such deed, in the absence of insolvency or non-residence of the grantee, in order to show that the exercise by the grantee of a power of sale in such deed was void for the reason that the secured debt had been thus paid. The trial judge erred in not striking the paragraph of the answer which set up the above facts in defense to the present action.

3. An assignment of error on the order overruling a motion for new trial, which is not based upon any ground of the motion, but urged for, the first time in the brief of counsel of the complaining party, will not be considered by this court.

4. The testimony of an incompetent witness, if it is material, when received without objection, is of probative value, and will be considered and given such weight as the jury deems it entitled to, in view of his interest and other circumstances.

5 Only such questions need be put to the jury, under the statute authorizing special verdicts, as will enable the jury to find the facts in issue and not admitted by the pleadings. The trial judge should not submit to the jury a question for the purpose of eliciting a fact which is admitted by the party against whom it adversely operates. Such a question is ab initio immaterial, and an answer thereto finding the fact contrary to the admission of the party in his pleadings should be disregarded by the trial judge. In rendering his decree the trial judge can disregard the answer to such a question, when the other facts found by the jury, and the admissions in the pleadings of the party against whom the decree is rendered, support the decree.

6. The answer to the second question propounded to the jury, in which they found that the defendant was the owner of the whole equitable title to the land in dispute, is without evidence to support it.

7. The answer of the jury to the third question propounded to them is based upon evidence.

8. The other assignments of error do not require the grant of a new trial.

(*a*) The error dealt with in the second division of this opinion would not require the grant of a new trial, for the reason that the plaintiffs were not hurt thereby; but as the case goes back for another trial, we direct that the court below strike the paragraph of the answer there dealt with.

(*b*) As we grant a new trial on account of the error dealt with in the sixth division of this opinion, we do not express any opinion upon the weight of the evidence in the case.

No. 6537. June 13, 1928.

Complaint for land. Before Judge Franklin. Richmond superior court. March 8, 1928.

On December 28, 1920, J. T. Bothwell, in consideration of $400, sold and conveyed to Jack Berry a described tract of land. On February 4, 1921, Jack Berry borrowed from Susan Berry $200, gave to her his note for that sum, and executed to her a deed to this land to secure the loan. This deed contained a power of sale which authorized the grantee, as attorney in fact for the grantor, to advertise and sell the land if the grantor made default in the payment of the note thereby secured. This note bore interest from date at eight per cent. per annum, payable semi-annually, and fell due December 21, 1921. Jack Berry died on June 1, 1925, without having paid this indebtedness. Susan Berry placed his note with her attorney for collection; and the land was advertised for sale on the first Tuesday in April, 1926, under the power of sale contained in the security deed from Jack Berry to Susan Berry.

On that date the land was sold, and was bid in by Joe and Susan Berry for $450. Susan Berry, as attorney in fact for Jack Berry, and under the power of sale contained in the security deed, executed and delivered to Joe Berry and herself a deed to this land. At the time of the sale Sarah Brunson was in possession of the land. The purchasers made a demand on her for possession, and on her refusal to deliver possession to them they brought complaint against her for the recovery of this land, and for mesne profits. In their complaint they set up that they acquired title in the manner above stated, and prayed to recover the land and mesne profits thereof from the defendant from April 8, 1926, when they purchased the same at the sale aforesaid.

In her answer the defendant admitted that she was in possession, but denied that the plaintiffs had title to the land. She alleged that for a number of years before his death she had lived with Jack Berry as his wife; that during that period she had saved her money, and turned over to him the sum of $250 to pay upon the purchase-price of this land when it was bought, relying upon him to take a deed to said land in her name, but that instead of taking the deed in her name he took it to himself; and that thereafter he borrowed $200 from Susan Berry, and executed to her a security deed in his name. Defendant admits that Susan Berry is entitled to recover the $200 loaned to Jack Berry, which amount defendant ever since the death of Jack Berry has tendered and continues to tender to Susan Berry, who has refused to accept it. At the time and place of sale in the exercise of the power contained in the security deed, defendant's representative announced that she claimed said property as her own, and then and there offered to pay the amount due under the security deed, with interest, which Susan Berry refused to accept. "Having furnished the majority of the purchase-money with which to buy said land unto Jack Berry prior to his death, and he having taken the title in his name, . . there was a resulting trust in her favor as to said land, subject, however, to the loan of $200 made by the said Susan Berry." Jack Berry fully recognized the fact that title to the land was in her, but failed to execute to her a deed. She had implicit confidence that he would make her a deed to the equity of redemption in the land, and, so relying, she never brought any proceeding to compel him to do so. In equity and good conscience she is entitled to have

the title to said land decreed in her. She offers to do equity, and to pay to the plaintiffs the amount due them under the note secured by said deed, and makes a continuous tender of such amount. She prays that the title be decreed to be in her upon her paying the debt due Susan Berry, and that the security deed and the deed from Susan Berry under the power of attorney be canceled; etc.

Plaintiffs moved to strike so much of the answer as undertook to set up title in the defendant, upon the grounds: (1) that it set up no defense, legal or equitable, and no basis for relief; (2) that the defendant, not being a party to the security deed, had no right to require Susan Berry to accept the money thereby secured and sell or transfer her interest to the defendant; (3) that, having made no effort by claim or by application for injunction to prevent the sale, the defendant is estopped from attacking the validity of the sale; (4) that it appears there was a balance of $136.76 belonging to the estate of Joe Berry, and no representative of his estate is made a party to the answer; (5) that there is no sufficient plea of tender prior to the sale, there being no allegation as to where, when, or in what funds the tender was made; and (6) that the land was sold under the power of sale for $450, leaving a balance due the estate of Jack Berry of $136.76, and there is no allegation of a tender of $450 and interest and costs.

The administrator of Jack Berry was made a party defendant. He answered, admitting the allegations the petition and the amendments. He denied the allegations in the answer, so far as they came within his knowledge. By amendment the plaintiffs averred that the balance of $136.76 had been paid over to the administrator of Jack Berry. They renewed their motion to strike parts of the answer as amended. The trial judge overruled this motion, and the plaintiffs excepted pendente lite.

Thereafter the defendant amended by alleging that on or about June 5, 1925, immediately after the death of Jack Berry, she sought to pay to Susan Berry the debt described in the security deed; that Susan Berry advised her that the best way of handling the indebtedness of Jack Berry would be for her to pay his hospital bill, doctor's bill, funeral expenses, and other items of indebtedness growing out of his last illness, and that the defendant could pay her when these items, which were more pressing, had been paid, and Susan Berry then and there advised her that she would have ample opportunity

of paying said indebtedness of Jack Berry to Susan Berry; that after this defendant had paid said items of indebtedness, she called upon Susan Berry with a view of paying her debt, but Susan Berry refused to accept the same, and with force drove her from her home; and that again, on the first Tuesday in April, 1926, at the court-house, when said property was sold, she made a legal tender of the amount due to Susan Berry, with all costs that had accrued. In this amendment the defendant added the following paragraphs: (o) That Jack Berry, at the time of his death, was operating a farm; that she sought to carry on his farming operations; that she stayed at the home of Susan Berry a number of days while laboring on said farm; that she left on said farm two head of mules of the value of $100 each, and a two-horse wagon of the value of $100; and after she left, the plaintiffs seized the mules and the wagon, and took possession of the oat crop of the probable value of $200, and appropriated the same to their own use, all of which was of more than sufficient value to pay the indebtedness due Susan Berry under the security deed. (p) The sale of said land on the first Tuesday in April, 1926, was not held in accordance with the power contained in the security deed, the same not being conducted by Susan Berry in person, but by another. (q) The deed made to plaintiffs upon the exercise of the power of sale in said security deed was null and void, for the reason that there was no administration upon the estate of Jack Berry at the date thereof. (r) On the first Tuesday in April, 1926, this defendant with her attorney went to the court-house and told the attorney for the plaintiffs that if he would furnish her with the total indebtedness due under said security deed it would be paid, and the attorney for the plaintiffs told her that Susan Berry would not accept the amount of the indebtedness claimed to be due, and that Susan Berry desired to proceed otherwise than by accepting the money due. (s) When said property was being cried off for sale by a person other than Susan Berry, her attorney announced that said sale was proceeding illegally, but that she desired to pay the indebtedness, principal, interest, and costs of advertisement; that the equitable title of said property was in her, in that she had paid the purchase-price thereof; that she was in possession thereof at the time of the execution of the security deed; that she was then in possession; and that she was there with the money in hand ready and prepared to pay all of the

indebtedness described in said security deed and expenses incident to the sale. Susan Berry refused to accept said money, and Joe and Susan Berry knew that she had paid the purchase-price thereof and that she was in possession of the land. (t) This defendant bona fide on the day of said sale sought to prevent any loss or damage accruing to Susan Berry on account of said security deed, and then and there announced that any sale had of said property at said time and place under said power of sale, after she had sought to pay the same, would be void and illegal. She prayed that the deed to the plaintiffs, in the exercise of the power of sale, be declared null and void; and for general relief. The trial judge struck paragraphs (p) and (q) of the above amendment, and overruled a motion to strike paragraph (o). To these rulings the plaintiffs excepted pendente lite, upon the grounds: (1) that they were contrary to law; (2) that it was not alleged what part of the property mentioned was appropriated by Susan Berry; (3) that under the pleadings and the power in the security deed the defendant was not entitled to apply said sums as a set-off against the debt due her; and (4) that said allegations do not amount to a plea of payment.

The jury was required by the court to find a special verdict of the facts only. The questions propounded and the answers were as follows: (1) "Had the amount of the debt due by Jack Berry to Susan Berry under the security deed referred to in this case been fully paid prior to the sale of the land sued for in this case? Yes." (2) "Was Sarah Brunson, at the time of the sale, the owner of the equitable title to the property sued for? Yes." (3) "Did Sarah Brunson, prior to the sale of the property sued for, make a legal tender of the amount due Susan Berry under the security deed from Jack Berry to Susan Berry, covering the property sued for? Yes." The plaintiffs moved for a new trial upon the grounds that the verdict was contrary to law and to the evidence. By amendment they added special grounds which are shown by the opinion, infra.

*Fleming & Fleming,* for plaintiffs in error.

*Pierce Brothers,* contra.

HINES, J. (After stating the foregoing facts.)

1. Does the answer of the defendant set up a cause of action against the plaintiffs? After denying the allegations of the petition, the defendant seeks to set up and enforce an implied trust in her favor, arising from the payment, with her money, of a part of

the purchase-price of the land. She alleges that she turned over to Jack Berry $250 to pay upon the purchase-price when the land was bought by him, relying upon Berry to take a deed thereto in her name, but that instead of taking the deed in her name he took the same to himself. She does not allege that there was an understanding or agreement between her and Berry by which the title to the land was to be taken in her name. She asserts that having furnished to Jack Berry most of the money with which to buy this land, and he having taken title in his own name instead of hers, there arose a resulting trust in her favor; and that Berry fully recognized the fact that title to said land was in her, but failed to execute to her a deed thereto prior to his death. Do these allegations make a case of a resulting or implied trust in favor of the defendant? A trust is implied "Whenever the legal title is in one person, but the beneficial interest, either from the payment of the purchase-money or other circumstances, is either wholly or partially in another." Civil Code, § 3739. Such implied trust may arise from the payment of a portion of the purchase-money. *Hall* v. *Edwards,* 140 *Ga.* 765, 767 (78 S. E. 185) ; 26 R. C. L. 1224, § 70. A trust of this kind does not arise from or depend upon any agreement between the parties. It results from the fact that one person's money has been invested in land, and the conveyance taken in the name of another. It is a mere creature of equity. 26 R. C. L. 1214, § 57. Such a trust never arises out of a contract or agreement between the parties, but arises by implication of law from their acts and conduct apart from any contract. 39 Cyc. 104, B. It is only necessary to allege and prove that one person furnished the purchase-money for the land in controversy, and that the deed was taken in the name of the person to whom the money was so furnished. No presumption of a gift or loan arises. 26 R. C. L. 1231, § 77. In view of the principles announced, the answer alleged facts from which the law implies a trust in this land in favor of the defendant, arising from the fact that she furnished a part of the money with which it was purchased, and to the extent of the purchase-money furnished by her. It follows that the trial judge did not err in overruling the motion of the plaintiffs to strike so much of the answer of the defendant as sets up this implied trust in her favor.

2. The court erred in not striking paragraph (o) of the answer.

In this paragraph the defendant alleges that the plaintiffs had taken and converted certain personal property of the grantor in the security deed to their own use, and that the value of this property so converted was greater than the debt due under this deed. The defendant, not expressly but inferentially, undertakes to set off the value of this converted property against the debt due the plaintiff Susan Berry from the estate of Jack Berry, or to treat the value of this property as a payment or extinguishment of this debt; and contends that for this reason the power of sale in the security deed could not be exercised by Susan Berry. There is no allegation that the estate of Jack Berry was insolvent, nor is there any other equitable reason set up why the value of this converted personalty should be set off against this indebtedness. The defendant may set up as a defense all claims against the plaintiff of a similar nature with the plaintiff's demand. Civil Code, § 5521. To an action ex contractu damages sounding in tort can not be pleaded in defense, where neither the insolvency nor non-residence of the plaintiff is set up. *Potts-Thompson Liquor Co.* v. *Capital City Tobacco Co.,* 137 *Ga.* 648 (74 S. E. 279) ; *Standhardt* v. *Hardin,* 145 *Ga.* 147 (88 S. E. 565) ; Civil Code, § 4593. So the defendant could not show that the grantee in the security deed was liable to the grantor therein for damages arising from the conversion of the personal property of the grantor by the grantee, and can not have such damages treated as a payment on or an extinguishment of the secured debt, so as to prevent the grantee from exercising the power of sale contained in the security deed. This being so, the judge erred in not sustaining the motion of the plaintiff to strike the above paragraph of the answer.

3. In answer to the first question propounded, the jury found that the debt due by Jack Berry to Susan Berry under the security deed had been fully paid prior to the sale of the land under the power of sale therein embraced. In the order overruling the motion for new trial, the judge states that he disregarded the answer of the jury to the above question, upon the ground that there was not sufficient evidence to show payment, and entered a decree that the defendant pay back the $200 loaned, with interest to April 8, 1926, and any taxes paid by plaintiffs since the alleged tender, with interest thereon. To the above order the plaintiffs and the administrator of Jack Berry excepted. Counsel for the plaintiffs insists

that the judge was not willing to allow the verdict to stand in so far as it found that the debt from Jack Berry to Susan Berry had been paid, that he set aside to this extent the verdict, that the judge could not of his own motion require payment of this debt in the face of the finding of the jury that it had already been paid, and that at most the judge should have granted a new trial, with the option to the defendant to avoid such new trial by making the payment. The plaintiffs do not in their bill of exceptions except to this order upon these grounds. They only except thereto upon each and every ground set out in their motion for new trial as amended. The plaintiffs in their motion for new trial as amended do not in any ground thereof except to this order upon the grounds urged by counsel in his brief. There being no assignment of error to the order granting a new trial, upon the grounds urged by counsel for plaintiffs in his brief, we can not consider the same.

4. On motion of the defendant the administrator of Jack Berry was made a party to this cause; and the cross-action of the defendant against the intestate and the plaintiffs was defended by him. In the third ground of the motion for new trial the point is made that in these circumstances the defendant was an incompetent witness to testify to transactions and communications had by her with the intestate; that the defendant being thus incompetent to testify, her testimony is without probative value, and for this reason can not be considered in passing upon the motion for new trial, notwithstanding its admission in evidence was not objected to by the movants in the trial. If the defendant was incompetent to testify against the personal representative of Jack Berry, was her testimony, which was so admitted, without probative value? In our opinion such testimony, when admitted in evidence without objection by the protected party, is of probative value, and should be considered in passing upon the motion for new trial in this case. It is incumbent upon the party seeking to take advantage of the incompetency of a witness to interpose a timely objection on that ground; and in the absence of such objection, the objection is deemed waived, and the witness is properly allowed to testify. 40 Cyc. 2349, par. 1, and cases cited in notes 61 and 62. "A fact may be established by incompetent evidence, if it is material, when it is received without objection." 10 R. C. L. 1008, § 197; Jaggar v. Plunkett, 81 Kan. 565 (106 Pac. 280, 25 L. R. A. (N. S.) 935);

Lindquist *v.* Dickson, 98 Minn. 369 (107 N. W. 958, 6 L. R. A. (N. S.) 729, 8 Ann. Cas. 1024) ; Goodall *v.* Norton, 88 Minn. 1 (92 N. W. 445) ; Moore *v.* McKinley, 60 Iowa, 367 (14 N. W. 768) ; Jaffray *v.* Thompson, 65 Iowa, 323 (21 N. W. 659). By parity of reasoning a fact can well be proved by competent evidence given by an incompetent witness without objection.

An administrator may waive the incompetency of the survivor to testify in his favor as to transactions and communications had with the intestate. Ainsworth *v.* Stone, 73 Vt. 101 (50 Atl. 805) ; Cowles *v.* Cowles, 81 Vt. 498 (71 Atl. 191). The testimony of a party as to transactions with a deceased person, if not objected to, will be considered, and will be given such weight as his interest and other surrounding circumstances will allow. Chapman *v.* Peebles, 84 Ala. 283 (4 So. 273). It is well settled in this State that an objection to evidence will not be considered when it does not appear that it was urged before the trial judge at the time the evidence was offered. *Jackson* v. *State,* 88 *Ga.* 784 (15 S. E. 677) ; *Jackson* v. *State,* 93 *Ga.* 164 (18 S. E. 435) ; *White* v. *State,* 116 *Ga.* 573 (42 S. E. 751). Counsel for the plaintiff in error insists that the proposition that the testimony of an incompetent witness is without probative value is sustained by the ruling of this court in *Eastlick* v. *Southern Railway Co.,* 116 *Ga.* 48 (42 S. E. 499), in which this court held that hearsay testimony is wholly without probative value, and that its introduction without objection does not give it any weight whatever in establishing a fact. This ruling has been followed in other cases. *Suttles* v. *Sewell,* 117 *Ga.* 214, 216 (43 S. E. 486) ; *Equitable Mortgage Co.* v. *Watson,* 119 *Ga.* 280, 281 (46 S. E. 440) ; *Estill* v. *Citizens & Southern Bank,* 153 *Ga.* 618, 625 (113 S. E. 552). The rulings in these cases do not support the proposition that competent evidence of an incompetent witness, when admitted without objection, is of no probative value. Hearsay evidence is without the sanction of an oath. The party against whom it is offered can not cross-question the party making the statement. For this and other reasons this court has adopted the rule that hearsay evidence is without probative value.

There is nothing to the contrary of what we hold, in *Barclay* v. *Waring,* 58 *Ga.* 86 (2). In that case the evidence of the surviving party was objected to, and the objection was sustained, as appears from an examination of the record in that case. The incompetency

of a witness may be waived. *Reeves* v. *Matthews,* 17 *Ga.* 449; *Varner* v. *Goldsby,* 22 *Ga.* 302. When such incompetency is waived, the witness becomes competent. So we are of the opinion that the testimony of the defendant in this case, if she were an incompetent witness, when admitted without objection, is of such probative value as the jury might see fit to give it, taking into consideration her interest in the case, and all the circumstances.

5. In answer to the first question propounded, the jury found that the debt due by Jack Berry to Susan Berry had been paid before the sale under the power contained in the security deed. The plaintiffs complain that this answer is wholly at variance with the facts, and without evidence to support it. We think this position is well taken. In her answer the defendant admitted that Susan Berry was entitled to recover the $200 loaned by her to Jack Berry and secured by his deed to her. The defendant alleged that she had tendered the amount of this debt, principal and interest, to Susan Berry, that this tender was continuous, and that Susan Berry had refused to accept it. There was no allegation that this debt had been paid. In her last amendment the defendant alleges that the plaintiffs seized two head of mules of the value of $200, one two-horse wagon of the value of $100, and an oat crop grown on a farm which Jack Berry operated at the time of his death, and appropriated the same to their own use. She does not expressly undertake to set off the value of this property alleged to have been converted by the plaintiffs against the debt due by Jack Berry to the plaintiff Susan Berry, nor does she expressly plead the same as a payment of this indebtedness. We can only infer that it was her purpose to try to set off the value of this converted property against this debt, or to have its value applied in payment of or in extinguishment of this debt. But, for the reasons set forth in the second division of this opinion, she could not accomplish either of these purposes and defeat the sale of this land under the power of attorney in the security deed from Jack Berry to Susan Berry. In view of the above allegations of the defendant touching this debt and its non-payment, the trial judge disregarded the answer of the jury to this question, upon the ground that it was not supported by the evidence, and entered a decree finding that this debt was unpaid, and requiring the defendant to pay the same to Susan Berry under her tender and offer to pay the same.

Was the judge authorized to disregard the answer to this question, upon the ground that it was unsupported by the evidence and at variance with the facts admitted by the defendant in her answer? Only such questions need be put to the jury, under the act authorizing special verdicts, as will enable the jury to find the facts in issue and not admitted by the pleadings. *McManus* v. *Cook,* 59 *Ga.* 485; *Bryan* v. *Osborne,* 61 *Ga.* 51; *Creech* v. *Richards,* 76 *Ga.* 36. The trial judge need not, and should not, submit to the jury a question for the purpose of eliciting a fact which is admitted by the party against whom it adversely operates. Such a question is ab initio immaterial, and an answer thereto finding the fact contrary to the admission of the party in his pleadings can and should be disregarded by the trial judge. A new trial should not be granted when the judge disregards the erroneous answer of the jury to the question propounded, and renders a decree in accordance with the fact admitted by the party against whom the decree is rendered.

6. In answer to the second question propounded, the jury found that the defendant was the owner of the equitable title of the land in dispute at the date of the sale thereof by Susan Berry under the power contained in the deed from Jack Berry to her. The plaintiffs assert that this answer of the jury to this question is at variance with the facts in the case. Treating this answer as finding that the whole equitable title to this land was in the defendant, and that Jack Berry had no title, as we are constrained to hold, the finding of the jury is without evidence to support it. Under the undisputed evidence Jack Berry paid for this land the sum of $400. In her answer the defendant sets up that he used $250 of her money in paying therefor, and that by reason of this fact an implied trust arose in her favor to the extent of the amount of her money so invested. We have seen that a resulting or implied trust may arise in favor of one who furnishes a part of the purchase-money of land, where the title is taken in another. Where several persons contribute money to pay for land and the title is taken in the name of one of them, a resulting trust arises in favor of the others pro tanto. Such a trust may arise whenever the beneficial interest is either wholly or partly in another. Civil Code, § 3739: *Hall* v. *Edwards,* supra; *Burwell* v. *Hill,* 149 *Ga.* 363 (100 S. E. 108); *Gales* v. *Stokeley,* 151 *Ga.* 718 (108 S. E. 34); *Goodnight* v. *Goodnight,* 154 *Ga.* 789 (115 S. E. 496). The jury having found that

the whole equitable title of this land was in the defendant, and the evidence disclosing that the same was not paid for in full with her money, their finding is without evidence to support it. Under no view of the evidence was she entitled to the whole equitable interest in this land. At most, if she had any equitable interest therein, it was one in common with Jack Berry, and was in the proportion which her funds invested therein bore to the total purchase-price.

7. In answer to the third question propounded, the jury found that the defendant had, prior to the sale under the power of sale contained in the deed from Jack Berry to Susan Berry, made a legal tender of the amount due under this security deed; and the plaintiffs contend that this finding is wholly at variance with the facts, because the alleged tender was conditional, and because under the facts testified to by the defendant she did not have the money with which to make her tender of the amount of this debt. There was evidence authorizing the jury to find that the defendant had made a legal tender of the amount due upon this indebtedness, before the sale. There was likewise evidence which would authorize a finding that her tender was conditional, and therefore not a legal tender. This was an issue of fact to be settled by the jury, and we can not say that their finding in this respect was without evidence to support it.

8. The other assignments of error do not require the grant of a new trial. The error dealt with in the second division of this opinion would not require the grant of a new trial, for the reason that the plaintiffs were not hurt thereby; but as the case goes back, we direct that the court below strike paragraph (o) of the answer of the defendant. In view of the error pointed out in the sixth division of this opinion, we grant a new trial; and for this reason we do not express any opinion upon the weight of the evidence.

<em>Judgment reversed. All the Justices concur.</em>