HUDSON *et al. v.* EVANS.

No. 15041.   January 6, 1945.

*M. F. Adams,* for plaintiffs in error.

*Robert B. Blackburn,* contra.

WYATT, Justice. ■ The evidence authorized the verdict; and there being no argument upon the three general grounds of the motion for new trial, these will be treated as abandoned by counsel for the plaintiffs in error. See *Manchester* v. *State,* 171 *Ga.* 121 (155 S. E. 11).

■ The plaintiffs in error argue grounds 4, 5, and 7 of their amended motion together, and they will be so dealt with here. These grounds all complain of excerpts from the charge of the trial judge, which are as follows: 4. "I charge you, gentlemen, that in this case the defendants admit that they did not pay the whole of the purchase-price, but that they merely paid certain expenses of administration, taxes, attorney's fees, amounting to approximately $95, and that in taking title to the land they recognized the fact that the plaintiff had a beneficial interest in the land and that a trust in relation thereto arose in his favor." 5. "I also charge you that the defendants having admitted taking title to the 102-acre tract referred to in the petition, that is, taking title in the defendant, Mrs. Lucile B. Hudson, without paying

the purchase-price therefor, an implied trust in relation thereto arose in favor of the plaintiff." 7. "Likewise, if one should purchase land with the money of another and take the title in his own name, with the understanding and agreement that he would hold the property for the use and benefit of the one paying for the same, an implied trust would arise in favor of the latter."

The plaintiffs in error state in their brief: "Although the statements of law in the charge were abstractly correct, they were not adjusted to the evidence in this case, and should not have been given." We therefore approach the questions raised from the premise that the quoted excerpts from the charge do, in the abstract, state correct principles of law—the question being, were they applicable to the facts in the instant case. The burden of the argument made by the plaintiffs in error is that the material facts stated in the petition, all of which were supported by evidence, do not as a matter of law create an implied or resulting trust, but amount to an effort to engraft an express trust on a deed by parol evidence.

The Code, § 108-106, provides: "Trusts are implied—1. Whenever the legal title is in one person, but the beneficial interest, either from the payment of the purchase-money or other circumstances, is either wholly or partially in another. 2. Where, from any fraud, one person obtains the title to property which rightly belongs to another. 3. Where from the nature of the transaction it is manifest that it was the intention of the parties that the person taking the legal title should have no beneficial interest. 4. Where a trust is expressly created, but no uses are declared, or are ineffectually declared, or extend only to a part of the estate, or fail from any cause, a resulting trust is implied for the benefit of the grantor, or testator, or his heirs."

In *Berry* v. *Brunson,* 166 *Ga.* 523, 529 (143 S. E. 761), this court, quoting and citing the above Code section, said: "Such implied trust may arise from the payment of a portion of the purchase-money. *Hall* v. *Edwards,* 140 *Ga.* 765, 767 [79 S. E. 852]; 26 R. C. L. 1224, § 70. A trust of this kind does not arise from or depend upon any agreement between the parties. It results from the fact that one person's money has been invested in land, and the conveyance taken in the name of another. It is a mere creature of equity. 26 R. C. L. 1214, § 57. Such a trust

never arises out of a contract or agreement between the parties, but arises by implication of law from their acts and conduct apart from any contract.  39 Cyc. 104, B.  It is only necessary to allege and prove that one person furnished the purchase-money for the land in controversy, and that the deed was taken in the name of the person to whom the money was so furnished.  No presumption of a gift or loan arises.  26 R. C. L. 1231, § 77."

In *Hemphill* v. *Hemphill,* 176 *Ga.* 585, 590 (168 S. E. 878), after quoting with approval the language above quoted from *Berry* v. *Brunson,* supra, this court said: "The fact that the plaintiff alleged that a certain agreement was had between her and the defendant did not render the petition fatally defective as seeking to enforce an express trust by parol.  If from all the facts and circumstances an implied trust is otherwise established, it is not destroyed by the express verbal agreement which may have constituted a part of the transaction."  See also *Hall* v. *Edwards,* 140 *Ga.* 765 (supra) ; *Jackson* v. *Jackson,* 150 *Ga.* 544 (104 S. E. 236).

This court, in *Guffin* v. *Kelly,* 191 *Ga.* 880, 886 (14 S. E. 2d, 50), said: "In all cases where a trust is sought to be implied, the court may hear parol evidence of the nature of the transaction, or the circumstances, or the conduct of the parties, either to imply or rebut a trust.  [Code] § 108-108.  Accordingly, the fact that the plaintiff alleged that a certain oral agreement was made between him and Mrs. Guffin and Mrs. Kay, at the time of such conveyance to the latter, did not render the petition defective as seeking to enforce an express trust by parol.  If from all the facts and circumstances an implied trust is otherwise established, it is not destroyed by the express verbal agreement which may have constituted a part of the transaction.  The express agreement may be shown, not as fixing the interest to be owned by the parties, but as rebutting the inference of a gift by the plaintiff."

In the instant case, the plaintiff in the court below contended that his indebtedness against the estate of his father was used by the defendants as the purchase-price of the property in question.  This was admitted by the defendants to be true.  Money belonging to Evans was, therefore, used by the defendants with which to pay the purchase-price of the land.  Evans denied any agreement to sell the defendants forty acres of the land, but contended that the defendants made the advance of court costs and attorney's fees

so that the land might be sold in order that title could be placed in such shape that Evans would be in a position to negotiate with the defendants for a sale of a portion of the land. He contended that no agreement was ever reached as to these negotiations. The defendants contended that Evans did sell them forty acres of the land, and that a deed to the remainder of the land had been executed and delivered to the plaintiff. Evans denied that he made any such sale or that he accepted the deed. The trial judge in his charge fully submitted to the jury the contentions of the defendants. The jury found against their contentions.

The facts of this case, as contended by Evans, were such as to create an implied or resulting trust in his favor. The excerpts from the charge of the trial judge were properly given to the jury.

■ Ground six complains of the following excerpt from the charge: "Where land is purchased by one with money of another, under an agreement and understanding that the title is to be taken in the name of the latter, and the one procures a deed to the land but causes it to be made to himself, an implied trust will arise in favor of the person who furnished the money to pay for the property." The only reference or argument contained in the brief of the plaintiffs in error addressed to this ground reads as follows: ";The charge complained of in ground six ignores the duty of the plaintiff at 'least to make a bona fide effort to agree on the land Hudson was to keep." We deem it sufficient to say that the excerpt is not subject to this criticism.

■ The plaintiffs in error, in their brief, refer to ground nine. They evidently mean ground eight, since this is the last numbered ground of the amendment to the motion for new trial. The excerpt there complained of reads as follows: "Great inadequacy of consideration, joined with great disparity of mental ability in contracting a bargain, may justify a court of equity in setting aside a sale or other contract." The criticism of this excerpt is that there was no evidence of either inadequacy of consideration or disparity of mental ability. The evidence did show that Evans furnished the entire consideration for the purchase-price of the land, that Evans was a negro, and that he was advised by John R. Hudson as to the manner in which the sale should be handled. The principle of law contained in this excerpt was properly given to the jury.

From what has been said, it follows that there was no error in denying the motion for new trial.

*Judgment affirmed.* *All the Justices concur, except Jenkins, P. J., disqualified.*