## McCOLLUM *v.* McCOLLUM.

No. 15805. MAY 16, 1947. REHEARING DENIED JUNE 13, 1947.

408

*Charles W. Anderson,* for plaintiff in error.

*Charles G. Bruce,* contra.

CANDLER, Justice. (After stating the foregoing facts.) ▪ Treating the allegations of the petition as true, which we must do for purposes of the demurrer, we are of the opinion that the court correctly held that the petition stated a cause of action.

Trusts are implied—"(1) Whenever the legal title is in one person, but the beneficial interest, either from the payment of the purchase money or other circumstances, is either wholly or partially in another." Code, § 108-106. In the instant case it affirmatively appears from the petition that the plaintiff, at a time when he thought he was legally married to the defendant, furnished the greater portion of the purchase-money with which they acquired the lands involved; that title was taken in the name of the defendant (evidently for reasons satisfactory to both); but that by "mutual consent" it was understood and agreed they would own the lands equally and "she would hold the same in her name as trustee for both." In *Jackson* v. *Jackson,* 150 *Ga.* 544, 554 (104 S. E. 236), it was said: "In no case decided by this court, so far as we have been able to ascertain, has it been held that an express oral promise by the grantee to hold in trust will operate to defeat a resulting trust, where, on the special equities growing out of the transaction, the law would, in the absence of such agreement, imply a trust." Three separate parcels of realty are involved here. The allegations of the petition show that on the purchase of the first two, the plaintiff furnished the major portion of the down payment; that he paid in full the remaining purchase-money due for the first tract, and the balance of the purchase-money due for the second tract was paid entirely from rents received from the first purchased tract; and that the down payment for the third tract was made from proceeds derived from a mortgage given on the second tract, and the balance from rents received from the first two tracts purchased. The petition further alleges that the plaintiff expended large sums of money in making improvements on the several parcels of land, and that he and the defendant jointly had possession thereof. An implied trust may arise from a payment of a portion of the purchase-money. *Hall* v. *Edwards,* 140 *Ga.* 765, 767 (79 S. E. 852); 26 R. C. L. 1224, § 70. An implied trust results from the fact that one person's money has been invested in land, and the conveyance taken in the name of another. It is a mere creature of equity. *Berry* v. *Brunson,* 166 *Ga.* 523, 529 (143 S. E. 761); 26 R. C. L. 1214, § 57. In *Scott* v. *Taylor,* 64 *Ga.* 506, 508, this court said: "The principle is well settled by the elementary writers, and numerous adjudicated cases, that when the purchase-money is paid by one, and the legal title taken in the

name of another, the person named in the conveyance is but a trustee of him who paid the consideration." Again in *Swift* v. *Nevius,* 138 *Ga.* 229, 232 (75 S. E. 8), this court said: "The essence of the equitable defense, as to the Blue Spring place, is that the defendant and McFarland entered into an agreement to buy the property together. McFarland was to put up the money for expenses and for the purchase-price, if the land was obtained. Swift, the defendant, gave certain valuable information which he had acquired as to the location, water supply, etc., and was to negotiate for the purchase, and perform certain other services. He fully complied with his agreement, and thus in effect paid his part of the purchase-price. For convenience in exploiting the property in connection with a plan to furnish water to the City of Columbus, in which a certain engineering company was to take a part, the deed was taken in the name of McFarland, . . by agreement for the benefit of both. The defendant took possession of the property, and has managed it in accordance with the agreement between him and McFarland on that subject. . . If these facts are true, as the demurrer admits them to be, an implied trust exists in favor of the defendant as to a half interest in the Blue Spring property." Applying the principles just announced to the allegations of the petition in the case at bar, admitted as they are by the demurrer to be true, they were sufficient to state a cause of action and it was not error for the court to overrule the general demurrer.

■ Where a bill of exceptions complains of a grant of an interlocutory injunction upon the ground that it was an abuse of the discretion vested in the judge, and the evidence is neither incorporated in the bill of exceptions nor attached thereto as an exhibit properly authenticated, and it does not appear that a brief of the evidence was approved and filed so as to become a part of the record, the judgment will be affirmed, because without such evidence, as is the case here, this court can not determine whether the court erred in granting the interlocutory injunction. There being no brief of evidence before us, we will assume that the judgment of the court below was correct and affirm it. *Voyles* v. *Federal Land Bank of Columbia,* 173 *Ga.* 844 (162 S. E. 106).

*Judgment affirmed. All the Justices concur.*