## MIMS et al. v. COOPER.

JENKINS, Chief Justice. 1. Ordinarily an absolute deed of conveyance will not, at the instance of the grantor, be canceled merely because of a breach by the grantee of a covenant to care for and support the grantor, made in consideration of such conveyance. *Lindsey* v. *Lindsey,* 62 *Ga.* 546; *McCardle* v. *Kennedy,* 92 *Ga.* 198 (17 S. E. 1001, 44 Am. St. R. 85); *Thompson* v. *Lanfair,* 127 *Ga.* 557 (56 S. E. 770). An exception to this general rule exists in cases where the grantee is insolvent. *Burkhalter* v. *DeLoach,* 171 *Ga.* 384 (155 S. E. 513); *Cain* v. *Varnadore,* 171 *Ga.* 497 (156 S. E. 216). See also *Self* v. *Billings,* 139 *Ga.* 400 (77 S. E. 562); and 112 A. L. R. 670, Annotation.

(a) Under the foregoing rulings, the petition in the instant case, brought by the grantor of a deed—who, after reserving a life estate in certain described premises, conveyed the remainder in fee to the defendant niece and nephew for an expressed consideration of "natural love and affection" "large sums of money already expended by said grantees in the improvements of the premises," "the promise to maintain, support and care for said grantor as a member of the family so long as she shall live," and in consideration of the "promise and agreement on the part of the grantees to pay to grantor a monthly payment of fifteen dollars in cash"—does not, in the absence of an allegation of the defendants' insolvency, state a cause of action for cancellation on the ground of failure of consideration in that the grantees have failed to carry out their agreement to support and care for the grantor as promised.

2. The only remaining question is whether or not the petition contained sufficient allegations to authorize cancellation of the deed upon the ground of its fraudulent procurement. The petition alleged as follows: "Petitioner shows that said contract was procured from her by fraud on the part of the said John Mims and Mrs. John Mims, as she was led to believe that same was a will and not a deed." By amendment the following allegation was added: "Petitioner shows that at the time of the drawing of said purported deed, Mr. Brown Marshall, an attorney, represented petitioner, who had represented her for years, and petitioner was led to believe by the said attorney and all those present that she

was executing a will and not a deed, and that she would never have signed said instrument if she had known same was a deed; *that, while she can read, and did read the instrument* [italics ours], she was never advised of the meaning of said instrument, was led to believe by said attorney and others that the effect of the paper was the making of a will." It was alleged elsewhere in the petition that "The grantor was eighty-two years old, and practically deaf, and she signed the purported deed under the impression that the same was a will and not a deed, and she had no intention of executing a deed of any kind." *Held:*

(*a*) "In pleading fraud and duress, specific facts must be stated with due certainty, and where the execution of a deed is the result, the facts must be such as will avoid the deed." *Carswell* v. *Hartridge,* 55 *Ga.* 412, 415; *Tolbert* v. *Caledonian Ins. Co.,* 101 *Ga.* 741 (28 S. E. 991).

(*b*) It is the universal and well-established rule that pleadings must be construed most strongly against the pleader. While the original petition alleged that the deed was procured by fraud of the defendants, as she had been led to believe (without stating by whom) that the instrument signed was a will and not a deed, she thereafter by amendment and in response to demurrer particularized this averment by alleging that when the instrument was *drawn* she was so led to believe by her own attorney "and all those present," but failed even then to allege that the *defendants* were then present. Nor is there any averment setting up a conspiracy between her attorney and the defendants. Accordingly, the petition, although demurred to, fails by amendment offered to connect the defendants with any allegation of fraud, and the demurrer was renewed after the amendment.

(*c*) Moreover, the duty is placed upon the party who seeks to avoid a contract on the ground of fraud to make such efforts to discover the fraud as would amount to ordinary diligence in law (*Mass. Ben. Life Assn.* v. *Robinson,* 104 *Ga.* 256, 272, 30 S. E. 918, 42 L. R. A. 261; *Little* v. *Reynolds,* 101 *Ga.* 594, 28 S. E. 919, and cases cited; *Feingold* v. *McDonald Mortgage & Realty Co.,* 166 *Ga.* 838, 844 (2), 145 S. E. 90); and since the petition in the instant case contains no allegation as to the mental capacity of the grantor, or what effect her deafness and age had upon her understanding of the instrument—nor is there any reason made to appear why, after her admitted reading of the instrument, she did not understand it—under the rulings set forth above, even if sufficient facts were alleged to show fraud, in the absence of some reason which could relieve the grantor of the duty to exercise ordinary diligence to discover the alleged fraud, equity will not lend its assistance by decreeing cancellation.

3. Under the foregoing rulings the trial court erred in overruling the general demurrers attacking the petition upon the grounds above dealt with.

*Judgment reversed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*

No. 16136. MARCH 19, 1948.

*Dan S. Beeland* and *Jule & A. C. Felton III,* for plaintiffs in error. *Culpepper & Culpepper* and *Robert L. Maynard,* contra.