COOPER *v.* MIMS *et al.*

JENKINS, Chief Justice. 1. When this case was previously before us (*Mims* v. *Cooper*, 203 *Ga.* 421, 46 S. E. 2d, 909), it was held that the original petition for cancellation of a deed, upon the ground of failure of consideration and the additional ground of fraud, failed, for the reasons set out in the opinion, to state a complete cause of action upon either ground. However, the petition did contain sufficient allegations of substance to authorize an amendment before the remittitur of this court had been made the judgment of the court below. It follows that the contention of the defendant grantee, that the effect of our previous decision was to leave the petition with nothing by which to amend, is without merit. *Milton* v. *Milton,* 195 *Ga.* 130 (23 S. E. 2d, 411). For an accepted criterion as to what constitutes enough to amend by, see *Ellison* v. *Georgia Railroad Co.,* 87 *Ga.* 691 (13 S. E. 809); *Harrell* v. *Parker,* 186 *Ga.* 760, 767 (198 S. E. 776).

2. It is the further contention of the defendants that the proposed amendment is objectionable because it attempts to add a new and distinct cause of action; the theory apparently being that the original petition was duplicitous, and that the amendment amending it in both respects had the effect of setting up a new and distinct cause of action. Even if it be true that the original cause of action was duplicitous, in that it attacked the deed on the theory both that a good deed had failed on account of a subsequent failure of consideration, and that the deed was never good because it had been procured by fraud, it will be noted that the original petition was not demurred to on the ground of duplicity, although it alleged in one count these two inconsistent theories. Since "an amendment to a petition made after the first term does not open the petition

**358**

to a dilatory plea unless the amendment rendered such plea available for the first time" *Wardlaw* v. *Southern Ry. Co.,* 199 *Ga.* 97 (4, a) (33 S. E. 2d, 304), and since the petition was subject to special demurrer on the ground of duplicity at the first term, the defendant cannot after the first term raise such objection by way of demurrer to an amendment which undertakes to amend the original petition as it was and to cure those defects which had been objected to and sustained by this court. Under such circumstances, the defendant will be held to have waived the defect of duplicity by failing to raise that objection at the first term, and such defect cannot now be indirectly raised on the theory that the amendment sets out a new and distinct cause of action.

3. Since it is the rule that an amendment should not be allowed if it still leaves the cause of action incomplete, the next question presented is whether or not the proposed amendment perfected the petition with respect to either or both grounds for cancellation. Dealing first with the ground based upon an alleged failure of consideration, the amendment makes the additional allegation that the grantees are insolvent. Under the following decisions of this court, failure of consideration together with insolvency of the grantee may, in a proper case, authorize a court of equity to decree cancellation. *Fletcher* v. *Fletcher,* 158 *Ga.* 899 (3, 7) (124 S. E. 722); *Burkhalter* v. *DeLoach,* 171 *Ga.* 384 (2) (155 S. E. 513); *Cain* v. *Varnadore,* 171 *Ga.* 497 (5) (156 S. E. 216); *Harrell* v. *Parker,* 186 *Ga.* 760, 769 (supra). See also *Self* v. *Billings,* 139 *Ga.* 400 (77 S. E. 562). Accordingly, the amendment in the instant case, by alleging insolvency of the grantees, thus perfected the petition as against general demurrer with respect to this ground for cancellation, and should, therefore, have been allowed.

4. With respect to the ground for cancellation based upon the alleged fraudulent procurement of the deed in question—the proposed amendment, which is fully set out in the statement of facts, while perhaps meeting the defect as pointed out in the previous decision of this court to the extent of alleging a connection between the grantees and the acts complained of as being fraudulent, still does not perfect the petition with respect to the additional defect as also pointed out in the previous decision, to the effect that the petition affirmatively showed that the plaintiff did not exercise ordinary diligence in the discovery of said fraud. Accordingly, as already ruled in the previous decision, a court of equity will not lend its assistance under such circumstances by decreeing cancellation. Therefore, since even had the amendment been allowed the petition would still have failed to state a cause of action for cancellation upon the ground of fraud, the allegations of the amendment in this respect were properly stricken on demurrer.

*Judgment reversed in part, and affirmed in part. All the Justices concur, except Bell, J., absent on account of illness.*

No. 16286. SEPTEMBER 7, 1948. REHEARING DENIED OCTOBER 13, 1948.

360

*R. L. Maynard* and *Fort & Fort,* for plaintiff.

*A. C. Felton III, Jule Felton* and *Dan S. Beeland,* for defendants.