ESTES *v.* ESTES *et al..*

No. 16741. SEPTEMBER 16, 1949.

*F. L. Breen* and *Winfield P. Jones,* for plaintiff in error.

*Hudson & LeCraw,* contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) ■ The issues of fact were questions for the jury, and they having found in favor of the father, the controlling question here presented is whether the evidence in behalf of the father was sufficient to establish a trust in favor of the father to the one-half interest of the son, as appeared from the deed.

The facts here would not create an express trust, as ˙the agreement was not in writing but in parol, and an express trust cannot be engrafted on a deed by parol. *Jones* v. *Jones,* 196 *Ga.* 492 (26 S. E. 2d, 602), and citations. Under the Code,

§ 108-106 (1), trusts are implied whenever the legal title is in one person, but the beneficial interest, by reason of the payment of the purchase-money, is partially in another. There is evidence here, over and beyond any verbal agreement, that the father paid all of the initial payment of $1582.21, and all subsequent monthly payments to the loan company. Under the conflicting evidence, the jury found that of the total of $2750 paid for the property, including the initial and subsequent payments, the father paid $2475 and the son $275. "A resulting trust which arises solely from the payment of the purchase-price is not created, unless the purchase-money is paid either before or at the time of the purchase. Trusts implied from the payment of the purchase-money or a part thereof must result, if at all, at the time of the execution of the conveyance." *Hall* v. *Edwards,* 140 *Ga.* 765, 767 (3) (79 S. E. 852); *Berry* v. *Brunson,* 166 *Ga.* 523 (1) (143 S. E. 761). But where a trust is created at the time of the execution of the conveyance, the recovery or decree must be in proportion to the total amount of purchase-money paid by the one seeking to establish the trust. *Hemphill* v. *Hemphill,* 176 *Ga.* 585 (1) 590 (168 S. E. 878). Where an initial payment is made by one at the time of the execution of the conveyance taken in the name of another, this would support the establishment of a trust in the payor, and subsequent payments made by him should be considered to fix the extent of the trust interest. *Loggins* v. *Daves,* 201 *Ga.* 628 (4) (40 S. E. 2d, 520).

The transaction here being between father and son, a gift would be presumed, but this presumption is rebuttable. Code, § 108-116. Where an implied trust is otherwise established, it is not destroyed by an express verbal agreement which may have constituted a part of the transaction. The express agreement may be shown, not as fixing the interest to be owned by the parties, but as rebutting the inference of a gift. *Guffin* v. *Kelly,* 191 *Ga.* 880 (1), 886 (14 S. E. 2d, 50); *Hudson* v. *Evans,* 198 *Ga.* 775 (2) (32 S. E. 2d, 793).

In view of the foregoing, the evidence was sufficient to establish an implied trust in favor of the father on the interest of the son in proportion to the amount of purchase-money paid thereon by the father.

■ By the fourth ground of amendment exceptions are taken to two paragraphs of the charge. The exception to the first paragraph, relating to the issues to be passed on by the jury, when taken in connection with the whole charge, is without merit.

(a) Neither was there any error in the second paragraph, which explained that their verdict would be made by answering certain questions, which were subsequently propounded and answered. The jury found: "We, the jury, find (1) for the plaintiff (father) that the name of E. W. Estes (son) be stricken from the deed as prayed; (2) that defendant (son) has paid on the purchase-price the sum of $275 from his own funds, and that the plaintiff (father) has paid $2475 from his own funds; (3) that plaintiff paid out on said property $2475 over and above the amounts collected by him from rentals and so forth." The decree provided that the name of the son be stricken from the deed, and that the father pay to the son the sum of $275, to be a lien upon the property until paid. There was no evidence to authorize the reformation of the deed by striking the name of one of the grantees, but such error was not reversible. The father was entitled to an implied trust upon the share of the son in proportion to the amount of purchase-money paid thereon. It is therefore directed that the judgment be amended so as not to strike the son's name from the deed, but to impress an implied trust on the half interest of the son in proportion to the amount paid on this half interest by the father, and also to eliminate the provision that the father pay the son $275.

■ Ground five of the amended motion alleges error in the following charge: "I instruct you that, to engraft a trust upon a deed by parol evidence, the evidence must be clear and satisfactory. While that evidence, the law says, must be clear and satisfactory, still the burden is on the plaintiff only by a legal preponderance of the evidence." The court having charged that "all express trusts shall be created or declared in writing," there was no error in this instruction.

■ Grounds six and seven are controlled by the rulings made in the first and second divisions of this opinion.

■ The requested charge complained of in ground eight of

■

818

the amended motion was fully covered by the charge of the court.

■ The requested charge contained in ground nine is controlled by the rulings made in division 2 (a) of this opinion.

*Judgment affirmed, with the direction given in division 2 (a) of the opinion.   All the Justices concur.*