HOLMES *v.* WALKER.

DUCKWORTH, Chief Justice. 1. It is well settled in Georgia that equity will grant no relief in favor of one who buys land when he fails to exercise any diligence for his protection and asserts that he blindly

relied on the representations of the seller as to matters of which he could have informed himself. *Feingold* v. *McDonald Mortgage & Realty Co.*, 166 *Ga.* 838 (145 S. E. 90); *Browning* v. *Richardson*, 181 *Ga.* 413 (182 S. E. 516); *Mims* v. *Cooper*, 203 *Ga.* 422 (46 S. E. 2d, 909). The same is true in the purchase of a stock of merchandise and fixtures. See Code, § 37-211; *Hardin* v. *Baynes*, 198 *Ga.* 683 (32 S. E. 2d, 384); *Adler* v. *Leopold Adler Co.*, 205 *Ga.* 819 (55 S. E. 2d, 139). The petition here—seeking to avoid paying a part of the purchase-price by showing that, although the purchaser had full opportunity to ascertain for himself the quantity of goods, he failed to do so and blindly relied on the representations of the seller, went into possession, selling and replacing merchandise until June, 1950, and then for the first time made the claim of shortage, caused in part by the bad condition of the adding machine on which the quantity was calculated in 1948—alleges no grounds for the relief sought, and the court did not err in sustaining the demurrer and dismissing the petition.

2. Error is also assigned on the judgment for the balance of the purchase-money, including attorney's fees, rendered by direction of the court in favor of the seller on his cross-action. The grounds of attack are: that (1) the cross-action and main action are not mutual, (2) there were facts to go to the jury, and (3) error in dismissing the petition caused the rendition of the directed verdict. Grounds (1) and (3) are without merit; and since no brief of evidence is in the record, ground (2) must be overruled.

*Judgment affirmed. All the Justices concur.*

No. 17320. FEBRUARY 14, 1951.

*M. C. Barwick* and *Irwin L. Evans*, for plaintiff.
*E. W. Jordan*, for defendant.