## 19594. LOMINICK *v.* LOMINICK.

MOBLEY, Justice. B. T. Lominick brought a petition against O. B. Lominick, in which the following facts are alleged: On October 5, 1943, the petitioner purchased a described tract of realty in Macon, Georgia, for $1,000. At the time of the purchase, the petitioner borrowed $135 from the defendant to apply towards the purchase price. This loan from the defendant was to be repaid in cash on demand. In order to secure the loan, the petitioner directed the seller of the property to include the defendant's name as a grantee in the warranty deed to the realty. It was the intention of the petitioner and the defendant that the purpose of placing the defendant's name on the warranty deed was solely to secure the defendant on his loan of $135, and that upon repayment of the loan the defendant's name was to be removed from the deed. On several occasions the petitioner has tendered to the defendant the amount due on the loan, which tender has been refused. The prayers are: for a reformation of the deed; that a decree issue directing the defendant to execute a quitclaim deed to the realty upon payment of the sum due on the loan; and for other and further relief. The petition was dismissed on general demurrer, and the petitioner excepts. *Held:*

Code § 108-106 (1) provides that a trust will be implied "Whenever the legal title is in one person, but the beneficial interest, either from the payment of the purchase money or other circumstances, is either wholly or partially in another." Where, as here, the petition alleges that the plaintiff purchased a tract of realty for $1,000 cash, that he borrowed $135 from the defendant to pay on the purchase price, that, as collateral for the loan, he had the defendant's name included with his own

upon the deed to the property, and the defendant's name was to be removed from the deed upon payment of the loan, and that the amount due on the loan has been tendered to the defendant, which tender has been refused, a plain case for the application of the principle of implied trusts stated in the above Code section is stated. The petition clearly states that the parties intended that the plaintiff should have the "beneficial interest" in the property, and that the defendant's only interest in the property was as security for his loan. In the early case of *Scott* v. *Taylor*, 64 *Ga.* 506, 508, it was stated: "The principle is well settled by the elementary writers, and numerous adjudicated cases, that when the purchase money is paid by one, and the legal title taken in the name of another, the person named in the conveyance is but a trustee of him who paid the consideration. 'This rule,' says Perry on Trusts, 'has its foundations in the natural presumption, in the absence of all rebutting circumstances, that he who supplies the purchase money, intends the purchase to be for his own benefit, and not for another, [and that the conveyance in the name of another] is a matter of convenience and arrangement between the parties for collateral purposes, and this rule is vindicated by the experience of mankind.' " Also, see *Berry* v. *Brunson*, 166 *Ga.* 523 (1) (143 S. E. 761) ; *Loggins* v. *Daves*, 201 *Ga.* 628 (40 S. E. 2d 520) ; *Williams* v. *Porter*, 202 *Ga.* 113 (1) (42 S. E. 2d 475) ; *McCollum* v. *McCollum*, 202 *Ga.* 406 (1), 409 (43 S. E. 2d 663). In 1 Perry, Law of Trusts (7th ed.), p. 190, it is further stated that, with the exception of certain States where there are statutes to the contrary, "the clear result of all the cases is, that a trust of a legal estate, whether freehold, copyhold, or leasehold, whether taken in the names of the purchaser and others jointly, or in the name of others, without that of the purchaser, . . . results to the person who advanced the purchase money or on whose behalf it is advanced; as where the money is advanced by way of loan to the purchaser, and the title is taken in the name of the lender as security, a trust results to the purchaser." The fact that in the instant case the parties made an oral agreement concerning the loan and its repayment would not destroy the trust. "If from all the facts and circumstances an implied trust is otherwise established, it is not destroyed by the express verbal agreement which may have constituted a part of the transaction. The express agreement may be shown, not as fixing

the interest to be owned by the parties, but as rebutting the inference of a gift by the plaintiff." *Hudson* v. *Evans,* 198 *Ga.* 775, 779 (32 S. E. 2d 793); *Stevens* v. *Stevens,* 204 *Ga.* 340 (2) (49 S. E. 2d 895). The petition does not show that the plaintiff has been guilty of such laches as to bar his action in this case, nor that the action is barred by the statute of limitations. The plaintiff alleged that he now resides and for many years has resided upon the premises in dispute. "It is well settled that neither laches nor the statute of limitations will run against one in peaceable possession of property under a claim of ownership for delay in resorting to a court of equity to establish his rights." *Richards* v. *Richards,* 209 *Ga.* 839, 843 (3) (76 S. E. 2d 492), and cits. The petition alleged a cause of action for equitable relief, and it was error to sustain the defendant's general demurrer thereto.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 15, 1957—DECIDED FEBRUARY 12, 1957.

*Richard B. Thornton, Westmoreland & Thornton,* for plaintiff in error.

*Bell & Bell, Bloodworth & Bloodworth,* contra.