20002.   BULLARD *v.* BULLARD.

SUBMITTED FEBRUARY 10, 1958—DECIDED APRIL 11, 1958—
REHEARING DENIED MAY 7, 1958.

*Gordon Knox, Jr., Jack W. Ballenger,* for plaintiff in error.
*Charles W. Heath,* contra.

HEAD, Justice. █ Trusts are either express or implied; implied trusts are such as are inferred by law from the nature of the transaction or from the conduct of the parties. Code § 108-104. Trusts are implied whenever the legal title is in one person, but the beneficial interest, either from the payment of the purchase money or other circumstances, is either wholly or partially in another. Code § 108-106.

"An implied trust results from the fact that one person's money has been invested in land and the conveyance taken in the name of another. It is a mere creature of equity." *McCollum* v. *McCollum,* 202 *Ga.* 406 (1) (43 S. E. 2d 663); *Hudson* v. *Evans,* 198 *Ga.* 775 (32 S. E. 2d 793); *Stevens* v. *Stevens,* 204 *Ga.* 340 (49 S. E. 2d 895).

The petition as amended having alleged that the plaintiff "had a 50% interest" in the money used to purchase the described lands, and that the cafe was "a joint undertaking with the understanding that each would have a one-half interest therein," the interest claimed by the plaintiff was sufficiently alleged to withstand the general demurrer.

The special demurrer attacking the petition on the ground of duplicity was filed approximately 90 days after the filing of the petition, and after the return term to which the petition was filed. If the petition as originally filed is subject to special demurrer, an amendment of the petition in other respects will not authorize the filing of such special demurrer after the appear-

124

ance day as shown by the process. Code § 81-301, as amended, (Ga. L. 1953, Jan.-Feb. Sess., pp. 21-22); *Wardlaw* v. *Southern Ry. Co.,* 199 *Ga.* 97, 99 (4a) (33 S. E. 2d 304); *Cooper* v. *Mims,* 204 *Ga.* 357 (2) (49 S. E. 2d 824). The court did not err, as contended, in overruling the defendant's demurrers.

■ "The testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him when it is self-contradictory, vague, or equivocal." *Southern Ry. Co.* v. *Hobbs,* 121 *Ga.* 428 (49 S. E. 294); *Davis* v. *Akridge,* 199 *Ga.* 867, 868 (2) (36 S. E. 2d 102); *Wright* v. *Anthony,* 205 *Ga.* 47, 50 (52 S. E. 2d 316); *Partain* v. *King,* 206 *Ga.* 530 (57 S. E. 2d 617).

In the present case the plaintiff's testimony was too vague, uncertain, indefinite, and contradictory to make an issue of fact as to any interest by him in the lands described. The plaintiff relied upon his testimony that his wife used $3,000 of their joint funds to purchase the lands described, and testified that these funds were derived from the sale of their interest, or $4,000, in certain personal property. The sales contract pertaining to this personal property was admitted in evidence. It shows that the sale price of the property was $3,000, and not the amount claimed by the plaintiff, and that certain accrued taxes, amounting to approximately $500, were paid out of the sale price. It was impossible for the jury to determine what amount of the sale price remained in the possession of the wife after all obligations were paid.

If, however, by any method of calculation, the jury could have determined what amount remained after the payment of the obligations existing at the time of the sale of the personal property, the plaintiff's testimony was wholly insufficient to overcome the presumption of a gift to the wife. Code § 108-116. On direct examination, the plaintiff was asked: "As such were you familiar with her financial situation, her financial status during that time [during the marriage]?" Answer: "I always worked and give her everything I made." Subsequently, with reference to the cafe, the plaintiff testified: Question: "Was that cafe equipment yours or hers?" Answer: "I considered it belonged to both of us; we lived together all these years and worked together: I considered it both of our business." Question: "I will

ask you: did you ever give away your interest in any of it?" Answer: "I never give nothing away." This evidence, however, is wholly insufficient to refute the plaintiff's testimony that all of his earnings over the years of their married life were voluntarily delivered by him to his wife. Evidence to refute a gift must be clear and convincing. *Williamson* v. *Johnson*, 171 *Ga.* 713 (156 S. E. 617); *Williams* v. *Thomas*, 200 *Ga.* 767, 773 (38 S. E. 2d 603); *Price* v. *Price*, 205 *Ga.* 623 (54 S. E. 2d 578).

The uncontradicted evidence demanded a finding that no part of any money earned, owned, or possessed by the plaintiff went into the purchase price of the real estate described. The plaintiff's petition relied upon the deed under which the defendant acquired title to the land for a description thereof. This deed was introduced in evidence and identified as defendant's Exhibit "D 5". The consideration recited in the deed is $2,400. W. K. Brooks, the maker of the deed, and stepfather of the defendant, testified that the property was sold to the defendant on credit for $2,400, and that he took a deed to secure debt. This latter deed was also introduced in evidence, and recites that it was made to secure two certain promissory notes, one for $1,000, and one for $1,400. Mr. Brooks further testified that the property was paid for by profits from certain turpentine and crops sold, in the amount of $574, and the balance of the purchase price was paid from the sale of timber. The plaintiff's testimony shows that he had nothing to do with negotiating for the purchase of the property and knew nothing about it until he was advised some time later by his wife that she had bought it. The documentary evidence and the testimony of the seller show conclusively that the plaintiff paid no part of the purchase price in any manner, and he was not entitled to claim any interest in the real estate.

Under the plaintiff's testimony, prior to the burning of the cafe wherein he claims an interest in the proceeds from an insurance policy, it appears that the husband and wife were operating another cafe, which was destroyed by fire, and which was not covered by insurance. After it was burned, he did not have anything, and his wife borrowed the money with which the new business was set up, and being the business covered by the insurance policy referred to. It is conceded that the wife was

employed at the time and had a salary; and while the husband contends that he farmed and gave the proceeds of his farming to his wife, and that this money was used to retire the indebtedness, such testimony is wholly insufficient to meet the requirements of an implied trust.

In order to establish an implied trust, it must be shown that some definite portion of the purchase price was furnished by the party claiming the trust. *Lane* v. *Lane*, 149 *Ga.* 581 (101 S. E. 582) ; *Scott* v. *Williams*, 167 *Ga.* 386, 389 (145 S. E. 651) ; *Simmons* v. *Simmons*, 194 *Ga.* 649, 655 (22 S. E. 2d 399) ; *Kehely* v. *Kehely*, 200 *Ga.* 41 (5) (36 S. E. 2d 155) ; *Roach* v. *Roach*, 212 *Ga.* 40, 41 (90 S. E. 2d 423). It must further be shown that the payment was made at or before the time of purchase. *Hurst* v. *Hurst*, 182 *Ga.* 138 (184 S. E. 867) ; *Williams* v. *Porter*, 202 *Ga.* 113 (42 S. E. 2d 475) ; *Estes* v. *Estes*, 205 *Ga.* 814, 816 (55 S. E. 2d 217) ; *Baker* v. *Schneider*, 210 *Ga.* 493 (3) (80 S. E. 2d 783).

The plaintiff's testimony having wholly failed to establish any of the essentials of an implied trust, and having failed to refute the presumption of a gift to his wife, it was error to deny the defendant's motion for a judgment notwithstanding verdict. Direction is given that, upon the return of the remittitur of this court to the court below, judgment be entered for the defendant in accordance with her motion for a directed verdict.

*Judgment affirmed in part and reversed in part. All the Justices concur.*