20148. ROYAL, Administratrix, *v.* LANE.

DUCKWORTH, Chief Justice. 1. Temporary administrators may institute suits for the collection of the assets of the estate of their intestates (*Ewing* v. *Moses, 50 Ga.* 264; *Mason* v. *Atlanta Fire Co. No. 1, 70 Ga.* 604, 607, 48 Am. R. 585), and

particularly to ask for an injunction to protect the estate until the affairs of the estate can be investigated (*Johnson* v. *Brady*, 24 *Ga.* 131; *Pollock* v. *Cox*, 108 *Ga.* 430, 34 S. E. 213). However, a temporary administrator can not bring an action to recover land. *Banks* v. *Walker*, 112 *Ga.* 542 (37 S. E. 866); *Doris* v. *Story*, 112 *Ga.* 611 (50 S. E. 348).

2. Where a temporary administratrix brought an equitable action alleging that her intestate had purchased certain real estate, but having to borrow the purchase money and not having sufficient credit standing agreed with the defendant to place title jointly in the defendant's name in order to borrow $800 which was part of the purchase money—he having previously borrowed $400 from his employer; and that, upon his full payment of the indebtedness, the defendant was to reconvey the title to him; that he had improved the property by more than $1,200; and that, prior to his death in 1954, he paid off the debts in full and the defendant refused to reconvey the half interest held in her name—the petition alleges an implied trust in favor of the estate of the intestate from the facts and circumstances, regardless of the express verbal agreement, and the court erred in sustaining the general demurrer to the petition, which seeks an injunction to prevent the disposition of the property, the appointment of partitioners, and asks that the property be impressed with an implied trust for the use and benefit of the estate, although the temporary administratrix has no authority to seek recovery by having the legal title declared and conveyed to the estate. See Code §§ 108-104, 108-106 (1, 3); *McKinney* v. *Burns*, 31 *Ga.* 295, 299; *Pittman* v. *Pittman*, 196 *Ga.* 397 (26 S. E. 2d 764); *Johnson* v. *Upchurch*, 200 *Ga.* 762 (38 S. E. 2d 617); *Estes* v. *Estes*, 205 *Ga.* 814 (55 S. E. 2d 217); *Lominick* v. *Lominick*, 213 *Ga.* 53 (96 S. E. 2d 587); *Hodges* v. *Hodges*, 213 *Ga.* 689 (100 S. E. 2d 888).

*Judgment reversed. All the Justices concur.*

SUBMITTED JULY 15, 1958—DECIDED SEPTEMBER 5, 1958.

*L. P. Strickland, Thomas M. Odom,* for plaintiff in error.
*G. C. Dekle, Jr., Price, Spivey & Carlton,* contra.